## A. B. BEACH v. THE STATE OF NEBRASKA, EX REL. JAMES A. EMMONS.

[FILED OCTOBER 1, 1889.]

Constables: FEES: CANNOT BE REQUIRED IN ADVANCE. In cases of misdemeanor the statute authorizes the magistrate to require the complaining witness to give security for costs. This security is designed as a protection to all persons entitled to fees in the case in the event that the complaint is dismissed; but the law does not authorize a constable to demand his fees in advance in such cases as a condition precedent to performing his duty in the county, as by summoning a jury.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*J. L. Caldwell,* for plaintiff in error:

The constable's return showing no service because of non-payment of fees was sufficient and justifiable. (Murfree on Sheriffs, sec. 1072; *Jones v. Gupton,* 65 N. C., 48; *Carlisle v. Soule,* 44 Vt., 265; *Adams v. Dinkgrave,* 26 La. Ann., 626; *Atkinson v. Hulse,* 30 Ark., 760.) There is a

plain distinction between felonies and misdemeanors. The latter are not covered by the Criminal Code in providing for payment of costs. (*Boggs v. Washington Co.*, 10 Neb., 299; *Dodge Co. v. Gregg*, 14 Neb., 307.) The constable has a right to demand his fees in advance in misdemeanors; and it is necessary that there be some check upon mere malicious complaints. (*State, ex rel. Thomas, v. McCutcheon*, 20 Neb., 304.) The complainant is a party within the meaning of the statute. He is not liable for costs unless there is malice or no probable cause. (*Cobbey v. Berger*, 13 Neb., 463.)

*Cassiday & Wolfe,* and *Talbot & Bryan,* for defendant in error:

The exaction of costs from a complaining witness under any circumstances is severely criticized in *Sovereign v. State,* 4 O. S., 491. There is no authority for a constable demanding *money* in advance; none is given for demanding even *security.* The distinction between felonies and misdemeanors is one of degree only. The complaining witness is not a party in either case. (*Hansard v. State,* 5 Humph. [Tenn.], 114; *State v Menhart,* 9 Kas., 98.) Sec. 541 of the Criminal Code provides a fund for the payment of costs in misdemeanors. (*Dodge Co. v. Gregg,* 14 Neb., 305; *Boggs v. Washington Co.,* 10 Neb., 297.) It would be the officer's duty to serve process in criminal cases, whether or not the state paid the costs. (*Board v. Blake,* 21 Ind., 34; *Rawley v. Board,* 2 Blackf. [Id.], 234; *Jefferson County v. Wollard,* 1 G. Greene [Ia.], 433; *Andrews v. U. S.,* 2 Story [U. S. C. C.], 208.) Fees cannot be demanded in advance unless the specific right is given by statute. (*Com. v. Bagley,* 7 Pick. [Mass.], 281; *Bradford v. Jackson Co.,* Morris [Ia.], 219; *State v. Vasel,* 47 Mo., 417; *Williams v. State,* 2 Sneed [Tenn.], 161.) A constable is a ministerial officer under the statute. Mandamus is the proper remedy. (4 Wait's Act. & Def., 364; *People, ex rel. Dobson, v. McClay,* 2 Neb., 7.)

MAXWELL, J.

In November, 1888, one James A. Emmons filed a complaint against Alva Pound, Joseph Mitchell, and Frank McClelland, before W. H. Snelling, Esq., a justice of the peace, charging them with assault and battery upon said Emmons. The justice thereupon issued a warrant for the arrest of said parties, and they were duly arrested. On the day set for the hearing the complaining witness demanded a jury, which was duly selected, and a *venire* was thereupon issued by said justice and delivered to the plaintiff in error, commanding him to summon the jurors so selected. This he refused to do unless his fees therefor were paid in advance. Emmons thereupon instituted proceedings in the district court to compel said plaintiff in error to summon said jury, and on the hearing a peremptory writ of mandamus was awarded. The question presented in this court is, Had the officer a right to refuse to summon the jury unless his fees were paid in advance? No case has been cited holding that he could make the payment of fees in a case like that under consideration a condition precedent to his performing his duty by summoning the jurors, and, in the absence of authorities to the contrary, we think the rules applicable in civil cases do not apply in a criminal case. It is true that in cases of misdemeanor the justice may, and where there is doubt of his solvency should, require the complaining witness to give security for costs. This security is designed for the protection of all persons entitled to costs in the case in the event that the complaint shall be dismissed; but there is no provision authorizing the officer to demand his fees in advance. The peremptory writ therefore was properly granted, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.